IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN TURCOTTE**
    **PLAINTIFF,**                          **CAUSE OF ACTION NO.**

**VS.**                                              **3:20cv40-NBB-RP**

**JIMMY EDWARDS**
    **DEFENDANT**

## COMPLAINT

**COMES NOW**, Plaintiff, Karen Turcotte, by and through undersigned counsel, and files this initial Complaint in the above entitled cause of action and respectfully shows unto this Honorable Court the following, to-wit:

## PARTIES

1. Plaintiff-Owner, Karen Turcotte, ("Plaintiff"), is an individual and resident of Benton County, Mississippi.

2. Defendant, Jimmy Edwards ("Edwards"), is an individual and an official for the State of Mississippi. Service of process may be perfected by delivering a copy of the Summons and Complaint to Edwards personally or by leaving same at Edward's usual place of official business with someone of suitable age and discretion at the Union County Sheriff's Office.

## JURISDICTION AND VENUE

3. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the

Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Northern District in that the events and conduct complained of herein all occurred in the Northern District.

## FACTUAL ALLEGATIONS AND BACKGROUND

5. Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through five (5) above and further alleges:

6. Beginning in 2002, J's Place was owned by Jason Turcotte and Karen Turcotte.

7. Beginning in 2002 J's Place had been placed on rotation with the Union County Wrecker Rotation list and the Mississippi Highway Safety Patrol.

8. Former Sheriff Tommy Wilhite retired from office after 11 years in 2011 during elections for the next Sheriff in Union County, Mississippi.

9. Jason Turcotte, as a prominent member of the community, "backed" then former Sheriff Wilhite during his election and terms as Sheriff.

10. Defendant won the election and was elected as County Sherriff in 2011 for his first term.

11. In late 2014, former Sheriff Tommy Wilhite came out of retirement to run for Union County Sheriff for the next coming term.

12. In or about October of 2014, Defendant had a conversation with Jason Turcotte about "backing" Defendant for the upcoming election. Jason Turcotte agreed to back Defendant in the event former Sheriff Tommy Wilhite lost in the runoff elections.

13. Later, Jason Turcotte told Defendant that he wouldn't be backing anyone in the elections but offered his commercial property as a place with candidates can post their campaign material. Defendant to not take kindly to Jason Turcotte's change of heart.

14. Jason Turcotte later found out that the campaign supporters Defendant gained wanted to implement an auto body shop wrecker and salvage yard wrecker for the Union County wrecker rotation list and remove J's Place from the list.

15. Defendant began implementing the plan to destroy J's Place and the owner at the time, Jason Turcotte for not "backing" Defendant in the elections being that Defendant is a prominent member of the community holding a lot of business, land, and properties in the community.

16. On August 22, 2015, Jason Turcotte was charged with a DUI in Union County, Mississippi in retaliation to his unwillingness to "back" Defendant in elections to be re-elected as Sheriff of Union County.

17. To present day, the criminal case against Jason Turcotte is still pending with ever changing accounts of the incident and evidence against Jason Turcotte.

18. Defendant had his wife appointed as the clerk giving Defendant reach to manipulate documents such as reports, charges, etc.

19. The ordeal of Jason Turcotte was so surreal that Plaintiff and Jason Turcotte made verbal complaints against Defendant and deputies within the station immediately because of the allegations that were being concocted against Jason Turcotte.

20. On August 25, 2015, correspondence was sent from Captain Chad Moore of the Mississippi Highway Safety Patrol – Troop F advising Jason Turcotte and J's Place of immediate suspension from the wrecker rotation list.

21. On August 25, 2015, correspondence was sent from Captain Chad Moore of the Mississippi Highway Safety Patrol – Troop F advising once pending charges had been satisfied, Jason Turcotte and J's Place may appeal the suspension to be placed back on rotation by requesting a hearing in writing to Captain Chad Moore of the Mississippi Highway Safety Patrol – Troop F.

22. On August 25, 2015, Plaintiff was pumping gas at a gas station in Myrtle, Mississippi. Defendant approached Plaintiff has she was pumping gas and asked "Do you know who I am?"

22. Defendant then began to verbally assault and/or threaten Plaintff by asking "Do you know what I can do to you" then stating stop running your mouth."

23. On September 2, 2015 Plaintiff entered into a buy and sell agreement with Jason Turcotte purchasing Jason Turcotte's portion of J's Place from Jason Turcotte and becoming the sole owner and operator of J's Place.

24. On September 3, 2015, correspondence was sent from then Sheriff Jimmy Edwards of Union County Sheriff's Department advising once pending charges had been satisfied, Jason Turcotte and J's Place may appeal the suspension to be placed back on rotation by requesting a hearing in writing to Sheriff Jimmy Edwards.

25. The letter sent from Defendant on September 3, 2015 was an exact copy of the previous correspondence sent by Mississippi Highway Safety Patrol but instructed contact to be made with Defendant.

26. On September 23, 2015, J's Place was placed back on Mississippi Highway Safety Patrol's rotation after the buy and sell agreement confirmed that Jason Turcotte was no longer an owner, member, or affiliate of J's Place therefore making J's Place eligible to be placed back on the rotation list.

27. On September 23, 2015, J's Place was placed back on Mississippi State Trooper's rotation after several members of the Mississippi Highway Safety Patrol were put on alert of the frivolous activities of Defendant against Plaintiff and Jason Turcotte.

28. As instructed by Defendant's September 3, 2015 letter, Plaintiff made numerous efforts to reach out to Defendant continuously calling the Sheriff's office to request an appeal and/or hearing for J's Place to be reinstated and placed back on the wrecker rotation list.

29. On September 20, 2015 Defendant had an assault encounter with Plaintiff's son at an Auto Zone store. The encounter was reported to the Mississippi Department of Human Services by a witness who at the time did not know the position of the Defendant or Plaintiff's son. The witness accounted for what was seen as assault on a minor.

30. The Mississippi Department of Human Services interviewed Plaintiff's son in October 2015 then the case went silent.

31. Plaintiff made numerous attempts to contact the Mississippi Department of Human Services for status of what will happen next in the case and if justice would be served for her son.

32. Plaintiff was advised that there was not a case open for her son or the altercation.

33. Plaintiff later found out Defendant had reached out Mississippi Department of Human Service questioning the allegations and the case.

34. On May 11, 2017, Plaintiff sent a written request to then Sheriff Jimmy Edwards to be placed back on the Union County Wrecker Rotation List via US Certified Mail which was received in the Union County Sheriff's Office on May 13, 2017.

35. After numerous calls and communication with Union County Sheriff's Office, J's Place had not been placed back on the rotation list.

36. Defendant has made slanderous and libel remarks regarding Plaintiff stating that Plaintiff is under investigation for criminal acts to cause economic damage to Plaintiff.

37. Defendant has made the statement that Plaintiff's company "will never be on rotation again as long as he is sheriff".

38. Defendant has made slanderous and libel remarks regarding Plaintiff stating that Plaintiff is under investigation for criminal acts to employees of Union County Sheriff's Office in an effort to keep Plaintiff's company off of the rotation list for Union County.

39. Defendant orchestrated deputies within the Union County Sheriff Office to relay the slanderous and libel remarks Defendant made regarding Plaintiff stating that Plaintiff is under investigation for criminal acts in an effort for the community to not call onto Plaintiff's company for towing services.

40. Members of the community were told to stay away from Plaintiff's company because of pending criminal investigation of which do not really exist.

### **RETALIATION BASED ON DISCRIMINATION IN VIOLATION OF FIRST AMENDMENT RIGHT UNDER SECTION 1983**

41. Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through forty (40) above and further alleges:

42. Former co-owner of J's Place and husband of Plaintiff rescinded his decision to "back" Defendant in his campaign to be re-elected as the Sheriff of Union County Mississippi.

43. From that moment, Defendant held a grudge against J's Place and any of its affiliates which includes Plaintiff.

44. Defendant continues to retaliate against J's Place for not getting the support during his re-election campaign from J's Place former co-owner by depriving Plaintiff-owner and J's Place to be reestablished on the wrecker rotation list.

45. Defendant continued to retaliate against J's Place and Plaintiff-owner is in violation of Plaintiff's First Amendment right, the freedom of political association.

46. As a citizen of this nation, one may choose whom they choose to vote for or not to vote.

47. As a citizen of this nation, one may choose whom to campaign or support or who not to campaign and support.

48. Former co-owner of J's Place chose to not support defendant in his re-election campaign and therefore since that instant, Defendant made the decision to prejudice J's Place and any owner of J's Place thereafter, including but not limited to Plaintiff in this action.

49. Defendant acted under color of state law as the Sheriff of Union County Mississippi.

50. Defendant us using power that he possesses as elected Sheriff of Union County by virtue of law.

**VIOLATION OF FIFTH AND FOURTEENTH AMENDED - DUE PROCESS RIGHTS UNDER SECTION 1983**

51. Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs one (1) through fifty (50) above and further alleges:

52. Plaintiff received a letter from Defendant advising of suspension from the wrecker list and what was needed to appeal the decision to return on the wrecker list.

53. Plaintiff received a letter from the Mississippi Highway Safety Patrol advising of the suspension of J's Place from the state's rotation list along with instruction to appeal the decision to be placed back on the rotation list.

54. Mississippi Highway Safety Patrol reinstated J's Place back on the Mississippi Highway Safety Patrol rotation list a few days after the suspension as the recommendations to be eligible for the rotation list were met.

55. Defendant has deprived Plaintiff of due process in having a hearing to appeal the decision or resolve the issue keeping J's Place from the Union County Sheriff's Office wrecker rotation list.

56. Defendant and the Union County Sheriff's Office has established a wrecker rotation list under which Plaintff has been deprived of her constitutionally protected interest in pursuing her occupation.

57. Plaintiff is being deprived of liberty and property interest without due process in violation of the Fifth amendment.

58. Plaintiff is being deprived of liberty and property interest without due process in violation of the Fourteenth amendment.

59. Section 1983 provides a cause of action against "any person" who, while acting "under color of" state law, subjects or causes the plaintiff to be subjected to a violation of federal constitutional or statutory rights.

60. Mississippi Code of 1972 Section 19-25-23 and 2121-1 provides that every Sheriff, marshal, and Police Chief shall establish and maintain a wrecker service rotation list and to provide standards and rules must be applied uniformly when utilizing such list.

61. Mississippi Code of 1972 Section 63-3-411 proves that whenever an accident occurs and local law enforcement is directed to obtain a towing company then such law enforcement shall utilize the wrecker service rotation list; and for related purposes.

62. Mississippi Code of 1972 governs the wrecker rotation list therefore policy and practice concerning the rotation list rise to the level of formal and written administrative rule, bestowing upon it a property interest in remaining on the rotation list.

63. Plaintff has property interest due to the formal Mississippi regulations.

64. Defendant acted under color of state law as the Sheriff of Union County Mississippi.

65. Defendant us using power that he possesses as elected Sheriff of Union County by virtue of law.

## JURY DEMAND

66. Mitchell Youngblood demands a trial by jury.

## PRAYER FOR RELIEF

67. Wherefore, Plaintiff prays that the Court grant the following relief:

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs one (1) through sixty-five (65) above and further alleges:

68. As a direct and proximate result of Defendant's deliberate violation of Plaintiff's constitutional right which also amounts to government interference, Plaintiff has suffered injuries and damages.

69. As a direct and proximate result of Defendant's deliberate violation of Plaintiff's constitutional right which also amounts to government interference, Plaintiff has been precluded from running her business and the ability to earn money and actual earnings.

70. Compensatory damages for pain and mental suffering, emotional distress, shame, intimidation, humiliation, indignation, embarrassment and fear in the past and future;

71. Punitive damages;

72. Attorneys' fees;

73. Pre-judgment interest at the highest rate permitted by law;

74. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

75. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

76. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

WHEREFORE, Plaintiff, Karen Turcotte, hereby respectfully requests trial by jury before this Honorable Court and to enter judgement for the Plaintiff for the following relief:

(a) That Defendant be found liable for violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights under code section 1983.

(b) That Plaintiff be awarded an amount in excess of the jurisdictional minimums of this Court, for all costs of this action, pre-judgment and post-judgment interest and for any other relief appropriate under the law for Defendant's violation of Plaintiff's First, Fifth, and Fourteenth Amendment right under section 1983.

This _____ day of January 2020.

        Respectfully Submitted,
        **IRVIN LAW, PLLC**

        */s/Charles Irvin*
        _____

        Charles Irvin
        Mississippi State Bar No. 99607
        **Attorney for Plaintiff**

460 Briarwood Drive, Suite 310
Jackson, MS 39206
Telephone: (601) 340-6800
Facsimile: (877) 288-2123
Email: cbirvin@irvin-law.com