**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KAREN TURCOTTE**                                                                  **PLAINTIFF**

**VS.**                                                                         **NO. 3:20-CV-40-NBB-RP**

**JIMMY EDWARDS**                                                   **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
JIMMY EDWARDS TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Union County Sheriff Jimmy Edwards, by and through counsel, and in response to Plaintiff's Complaint, answers as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**ANSWER**

Answering the first, unnumbered paragraph of the Complaint, Defendant denies all allegations in the paragraph.

**PARTIES**

1.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 1 and, for that reason, those allegations are denied.

2.

Defendant admits the allegations of paragraph 2.

**JURISDICTION AND VENUE**

3.

Defendant admits that this Court has jurisdiction over the claims in this lawsuit, but

denies any remaining allegations in paragraph 3.

4.

Defendant admits that this Court has venue over this action.

## FACTUAL ALLEGATIONS AND BACKGROUND

5.

Defendant realleges and incorporates all responses set forth in paragraphs 1 through 4 above.

6.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6 and, for that reason, those allegations are denied.

7.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7 and, for that reason, those allegations are denied.

8.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8 and, for that reason, those allegations are denied.

9.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9 and, for that reason, those allegations are denied.

10.

Defendant admits that he was elected Union County Sheriff in 2011 and took office in January 2012.

11.

Defendant admits the allegations of paragraph 11.

12.

Defendant denies the allegations of paragraph 12.

13.

Defendant denies the allegations of paragraph 13.

14.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14 and, for that reason, those allegations are denied.

15.

Defendant denies the allegations of paragraph 15.

16.

Defendant admits that Jason Turcotte was charged with DUI and other crimes in Union County, Mississippi, in August 2015. Defendant denies the remaining allegations of paragraph 16.

17.

Defendant admits that the DUI and other criminal charges against Jason Turcotte remain pending. Defendant denies the remaining allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 19 and, for that reason, those allegations are denied.

20.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 20 and, for that reason, those allegations are denied.

21.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 21 and, for that reason, those allegations are denied.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23 and, for that reason, those allegations are denied.

24.

Defendant admits the allegations of paragraph 24.

25.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25 and, for that reason, those allegations are denied.

26.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26 and, for that reason, those allegations are denied.

27.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27 and, for that reason, those allegations are denied.

28.

Defendant admits that Plaintiff has made some efforts to be placed back on the wrecker rotation list. Defendant denies the remaining allegations of paragraph 28.

29.

Defendant denies the allegations of paragraph 29.

30.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 30 and, for that reason, those allegations are denied.

31.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31 and, for that reason, those allegations are denied.

32.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32 and, for that reason, those allegations are denied.

33.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 33 and, for that reason, those allegations are denied.

34.

Upon information and belief, Defendant denies paragraph 34 as Defendant does not recall any correspondence in May 2017.

35.

Defendant admits that J's Place has not been placed back on the wrecker rotation list. Defendant denies the remaining allegations of paragraph 35.

36.

Defendant denies the allegations of paragraph 36.

37.

Defendant denies the allegations of paragraph 37.

38.

Defendant denies the allegations of paragraph 38.

39.

Defendant denies the allegations of paragraph 39.

40.

Defendant denies the allegations of paragraph 40.

## **RETALIATION BASED ON DISCRIMINATION IN VIOLATION OF FIRST AMENDMENT RIGHT UNDER SECTION 1983**

41.

Defendant realleges and incorporates all responses set forth in paragraphs 1 through 40 above.

42.

Defendant denies the allegations of paragraph 42.

43.

Defendant denies the allegations of paragraph 43.

44.

Defendant denies the allegations of paragraph 44.

45.

Defendant denies the allegations of paragraph 45.

46.

Defendant admits the allegations of paragraph 46.

47.

Defendant admits the allegations of paragraph 47.

48.

Defendant denies the allegations of paragraph 48.

49.

Defendant denies the allegations of paragraph 49.

50.

Defendant denies the allegations of paragraph 50.

**VIOLATION OF FIFTH AND FOURTEENTH AMENDED - DUE PROCESS RIGHTS UNDER SECTION 1983**

51.

Defendant realleges and incorporates all responses set forth in paragraphs 1 through 50 above.

52.

Defendant admits that Union County sent Plaintiff a letter regarding appeal of the decision to return to the wrecker list. Defendant denies all of the remaining allegations of paragraph 52.

53.

Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 53 and, for that reason, those allegations are denied.

54.

Defendant is without sufficient knowledge or information to admit or deny the allegations

1176087

of paragraph 54 and, for that reason, those allegations are denied.

55.

Defendant denies the allegations of paragraph 55.

56.

Defendant denies the allegations of paragraph 56.

57.

Defendant denies the allegations of paragraph 57. Answering further, Defendant states affirmatively that Plaintiff has no liberty or property interest in any matters alleged in this lawsuit.

58.

Defendant denies the allegations of paragraph 58.

59.

Paragraph 59 asserts legal conclusions, to which no response is required. To the extent the paragraph requires a response, Defendant denies the allegations.

60.

Paragraph 60 asserts legal conclusions, to which no response is required. To the extent the paragraph requires a response, Defendant denies the allegations.

61.

Paragraph 61 asserts legal conclusions, to which no response is required. To the extent the paragraph requires a response, Defendant denies the allegations.

62.

Paragraph 62 asserts legal conclusions, to which no response is required. To the extent the paragraph requires a response, Defendant denies the allegations.

1176087

63.

Defendant denies the allegations of paragraph 63.

64.

Defendant admits that any actions taken by him in regard to this matter would have been actions taken as the Sheriff of Union County, Mississippi. Defendant denies any remaining allegations of paragraph 64.

65.

Defendants admits that any actions taken by him in regard to this matter would have been actions taken as the Sheriff of Union County, Mississippi, and under those powers and authorities. Defendant denies any remaining allegations of paragraph 65.

**JURY DEMAND**

66.

Paragraph 66 does not require a response from Defendant.

**PRAYER FOR RELIEF**

67.

Defendant realleges and incorporates all responses set forth in paragraphs 1 through 66 above.

68.

Defendant denies the allegations of paragraph 68.

69.

Defendant denies the allegations of paragraph 69.

70.

Defendant denies the allegations of paragraph 70.

71.

Defendant denies the allegations of paragraph 71.

72.

Defendant denies the allegations of paragraph 72.

73.

Defendant denies the allegations of paragraph 73.

74.

Defendant denies the allegations of paragraph 74.

75.

Defendant denies the allegations of paragraph 75.

76.

Defendant denies the allegations of paragraph 76.

77.

Defendant denies the allegations in the final paragraph of the Complaint beginning "WHEREFORE," including subparagraphs (a) and (b) and denies that Plaintiff is entitled to any request for relief, and further denies that Plaintiff is entitled to anything whatsoever from Defendant on account of claims in this lawsuit.

AND NOW, HAVING ANSWERED the paragraphs in the Complaint, Defendant states the following additional Affirmative Defenses.

## **AFFIRMATIVE DEFENSES**

### **SECOND DEFENSE**

Defendant has at all times acted reasonably and in good faith, and within the scope of his authority as Sheriff in dealings with Plaintiff.

1176087

**THIRD DEFENSE**

Legitimate grounds support Defendant's actions that are the basis of Plaintiff's allegations in his Complaint.

**FOURTH DEFENSE**

To the extent Plaintiff failed to mitigate her damages, her recovery, if any, must be reduced accordingly.

**FIFTH DEFENSE**

Plaintiff's claims against Defendant are barred by the defenses of judicial estoppel, equitable estoppel, and collateral estoppel.

**SIXTH DEFENSE**

Defendant reserves the right to assert that Plaintiff's claims are barred, in whole or in part, by any applicable statute of limitation.

**SEVENTH DEFENSE**

Any injury or damage suffered by Plaintiff as a result of the events complained of were caused solely by reason of the conduct of Plaintiff and/or her husband, and any and all actions of Defendant were in every sense lawful, proper and responsible.

**EIGHTH DEFENSE**

Defendant acted within the scope of his authority and without bad faith.

**NINTH DEFENSE**

Defendant is protected from liability on the basis of qualified immunity.

**TENTH DEFENSE**

All alleged actions or inactions directed at Defendant relate to his duties and responsibilities as Sheriff of Union County. Any alleged actions or inactions of Defendant are

privileged from any liability as a matter of law and he is individually immune from all claims.

## ELEVENTH DEFENSE

To the extent that any claims in this Complaint are covered under the Mississippi Tort Claims Act, Defendant pleads all defenses available to him under the MTCA, including, but not limited to, jurisdictional prerequisites to suit, protections for actions taken in the course and scope of his duties as Sheriff, and exemptions from liability.

## TWELFTH DEFENSE

Plaintiff is not entitled to injunctive relief as requested.

## THIRTEENTH DEFENSE

Punitive damages cannot be justified in this case, and any claim for punitive damages against Defendant would be in violation of the constitutional safeguards provided to Defendant under the Constitutions of the State of Mississippi and the United States of America. Specifically:

a. Any imposition of punitive damages against Defendant in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 in the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

b. Any imposition of punitive damages against Defendant in this case would constitute an excessive fine in violation of Article 3, §28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment of the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890.

c. Any imposition of punitive damages against Defendant in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

d. No punitive assessment can be imposed against Defendant in the absence of clear and convincing proof of punitive liability as required by the due

1176087

      process clause of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 and as further required by Mississippi common law.

e.    Any award of punitive damages against Defendant in this case would be in violation of the procedural safeguards provided to Defendant under the Fourth, Fifth and Sixth Amendments to the United States Constitution in that punitive damages are penal in nature, and Defendant is entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

f.    Any imposition of punitive damages against Defendant in this case would unconstitutionally chill Defendant's access to court and counsel in violation of substantive and procedural due process guarantees of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890, the First Amendment (to the United States Constitution) right to petition for redress of grievances, and the Mississippi Constitutional guarantees of Article 3, §24 (courts to remain open) and §25 (no one debarred from defending civil actions).

g.    The Plaintiff's claims for punitive damages are governed by, and fail to comply with, the standards set forth by the United States Supreme Court.

WHEREFORE, Defendant requests judgment in its favor as follows:

A.    That Plaintiff's Complaint be dismissed in its entirety with prejudice, with Plaintiff to take nothing thereby;

B.    That Defendant be awarded costs incurred herein;

C.    That Defendant be awarded reasonable attorneys' fees incurred herein to the full extent permitted by law; and

D.    That Defendant be awarded any further relief that the Court deems just and proper.

This the 23rd day of March, 2020.

                                              s/<u>Berkley N. Huskison (MSB #9582)</u>
                                              *Attorney for Defendant Union County Sheriff Jimmy Edwards*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 - phone
(662) 328-8035 - facsimile
bhuskison@mitchellmcnutt.com - email

## CERTIFICATE OF SERVICE

      I hereby certify that on March 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system and forwarded such filing via United States Postal Service or ECF notification to the following:

Charles Irvin, Esquire
460 Briarwood Drive, Suite 310
Jackson, MS 39206
*cbirvin@irvin-law.com*

      This the 23rd day of March, 2020.

                                                  s/<u>Berkley N. Huskison</u>